**INTELIFUSE, INC., Plaintiff,**

v.

**BIOMEDICAL ENTERPRISES, INC., Defendant.**

**No. 05 Civ. 8093LTSDFE.**

United States District Court, S.D. New York.

Jan. 25, 2007.

Eleanor Nancy Johnson, William John Speranza, Wiggin and Dana LLP, Stamford, CT, for Plaintiff.

Kevin J. Culligan, Alison Joy Arnold, Jeffrey David Blake, Stefan Radoslav Stoyanov, W. Edward Bailey, King & Spalding, L.L.P., Eleanor Nancy Johnson, Wiggin and Dana LLP, New York City, for Defendant.

## MEMORANDUM ORDER FOLLOWING MARKMAN HEARING

SWAIN, District Judge.

This is a patent infringement action brought by InteliFuse, Inc. ("IF"), against Biomedical Enterprises, Inc. ("BME"), concerning U.S. Patents Nos. 6,268,589 ("the '589 patent") and 6,323,461 ("the '461 patent"). The '589 patent and the '461 patent relate to the technology of heat retractable shape memory clamps. The clamps are used by surgeons in fixing bone fragments and speeding the healing process to repair, fuse, and remodel bone fractures and deformities. The '589 patent claims a heating device which is used to close the memory clamps around the bone and/or tissue, and the '461 patent claims memory clamps and the methods of use.

The construction of certain claim terms is disputed, as detailed in the parties' Joint Claim Construction Statement (docket item # 24) and claim construction submissions. The Court has considered thoroughly all of the parties' written submissions concerning the disputed claim construction issues and heard arguments of counsel during a *Markman* [1] hearing on November 20, 2006.

For the reasons set forth below, and for substantially the reasons advanced in IF's extensive briefing and on the record at the *Markman* hearing, the Court holds that the claim constructions proposed by Plaintiff, as set forth in the July 14, 2006, Joint Claim Construction Statement, with the exception of Plaintiff's proposed construction of the term "having an alloy content" in Claims 31, 34, 36, and 38 of the '461 patent, appropriately construe the disputed claim terms. Plaintiff has accepted Defendant's proposed construction of the

---

**1.** *See Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 390, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996) (holding that claim construction is an issue of law for the court, not a question of fact for the jury.)

term "having an alloy content" in claims 31, 34, 36 and 38 of the '461 patent. Accordingly, Defendant's proposed construction, which is an appropriate one, is accepted as to that term in the enumerated claims.

■ "It is a bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed.Cir. 2005) (citations omitted); *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed.Cir.1996) ("we look to the words of the claims themselves ... to define the scope of the patented invention"). Words of a claim are given their ordinary and customary meaning, which "is the meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention, i.e., as of the effective filing date of the patent application." *Phillips*, 415 F.3d at 1313. The Court construes the disputed claim terms in light of "the sources available to the public that show what a person of skill in the art would have understood [the] disputed claim language to mean." *Innova/Pure Water, Inc. v. Safari Water Filtration Systems, Inc.*, 381 F.3d 1111, 1116 (Fed. Cir.2004). Such sources include the words of the claims themselves, the specification, the prosecution history, extrinsic evidence concerning relevant scientific principles, the meaning of technical terms, and the state of the art. *Id.* Here, the words of the claims and the specifications, *i.e.*, the intrinsic evidence, provide the primary information necessary for the proper construction of the disputed claim terms.

■ The principal focus of the parties' claim construction dispute is Defendants' contention that, because of the content of the specifications of the patents, the claims in the '589 patent must be construed to embrace only a device for heating the specific type of clamp described in the specification of the '461 patent, and that the '461 patent claims only nickel-titanium alloy clamps. "Importantly, the person of ordinary skill in the art is deemed to read the claim term not only in the context of the particular claim in which the disputed term appears, but in the context of the entire patent, including the specification." *Phillips*, 415 F.3d at 1313. While the Court recognizes that claims must be read in light of the specification, it is careful to avoid "reading limitations from the specification into the claim." *Id.* at 1323 (holding that "although the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments"). The Federal Circuit has "expressly rejected the contention that if a patent [specification] describes only a single embodiment, the claims of the patent must be construed as being limited to that embodiment." *Id.*

■ However, the Court recognizes that "in order to be covered by the claims th[e] subject matter must be sufficiently described as the applicant's invention." *Wang Laboratories, Inc. v. America Online, Inc.*, 197 F.3d 1377, 1383 (Fed.Cir. 1999). "Whether an invention is fairly claimed more broadly than the 'preferred embodiment' in the specification is a question specific to the content of the specification, the context in which the embodiment is described, the prosecution history, and if appropriate the prior art." *Id.* In *Wang Laboratories*, the court held that references in a specification for an online information system to ancillary, non-character-based computer protocols were mere acknowledgments of the state of the art, and were not intended as an enlargement of the invention claimed in the patent. *Id.* at 1382. The *Wang Laboratories* court held that, because the specification at issue in that particular case described and enabled nothing broader than an invention utilizing

a character-based system, the claims at issue were properly interpreted as being limited to such a system.

Relying heavily on the *Wang Laboratories* analysis, Defendant argues that the claims at issue here are similarly limited to the embodiments described in the specifications, and that the detailed features of those embodiments (*e.g.*, the use of nickel-titanium alloys in the clamps and the '589 patent specification's description of a heating device as one designed for use with the clamps claimed in the '461 patent) should be added to the disputed claim language. Thus, for example, BME proposes that the term "heat-retractable shape memory clamps" in claim 13 of the '589 patent be construed to mean "nickel-titanium alloy clamps used for surgical applications *that are designed to be used with the heating device of the '589 patent.*" (Joint Cl. Constr. Stat. at 2) (emphasis added). BME's proffered constructions are in this regard inconsistent with the language of the specifications and the claims as they would have been understood at the time by a person of ordinary skill in the art.

The intrinsic evidence here demonstrates that facets of the subject matter claimed by IF, and described and enabled in the specifications, do not define the contours of the claimed inventions, but instead describe the preferred embodiment of a broader invention. BME's assertion that the patents-in-suit must be interpreted as limited to clamps composed of nickel-titanium alloy must therefore be rejected. Unlike the mere reference to a non-character-based protocol in the *Wang Laboratories* specification, the '589 and '461 patent specifications describe nickel-titanium as a preferred embodiment. Indeed, the introductory language of each of the instant specifications asserts that "[t]he present invention generally relates to devices for heating and closing heat-retractable shape memory clamps used in surgery applica-

tions," without any reference to a particular alloy or a particular clamp design. ('589 patent, col. 1, lines 6–8; '461 patent, col.1, lines 9–12 (noting "the present invention generally relates to shape memory clamps which can be closed using a device for heating and closing heat-retractable shape memory clamps.")) Both the '589 and '461 patents disclose that the heating device can be used with a variety of heat-retractable shape memory clamps, and that nickel-titanium is simply an example of a preferred variety of alloy for use in the fabrication of such clamps. For example, the specification of the '589 patent discloses that "[t]he device of the present invention is most favorably used with heat-retractable shape memory clamps ... Such clamps will *advantageously* comprise a quantity of a nickel-titanium alloy." ('589 patent, col. 4, lines 34–39 (emphasis added)). Similarly, the specification of the '461 patent notes that "the ... heating device can be used with a *variety* of heat-retractable shape memory clamps ... Such [clamps] will *preferably* comprise a quantity of a nickel-titanium alloy." ('461 patent, col. 5, lines 8–15 (emphasis added)). Accordingly, neither specification describes only a single embodiment of an invention and the claims are not properly construed to incorporate descriptive language peculiar to the preferred embodiments disclosed in the specifications.

The Court has carefully considered each of Defendant's arguments in support of its proffered constructions of the disputed terms, and in opposition to the constructions proposed by Plaintiff, and finds that none warrants rejection of Plaintiff's proposed constructions. Plaintiff's proposed constructions reflect accurately the meanings of the disputed terms as they would have been understood at the relevant time by a person of ordinary skill in the art.

Accordingly, Plaintiff's proposed constructions of each of the disputed terms

(other than the term "having an alloy content" in claims 31, 34, 36 and 38 of the '461 patent) are hereby adopted by the Court. The Court adopts Defendant's proposed construction of the term "having an alloy content in the enumerated claims of the '461 patent."

This matter remains referred to Judge Eaton for general pretrial management.

SO ORDERED.